E-FILED   2020 JUN 04 9:45 AM SCOTT - CLERK OF DISTRICT COURT

> EXHIBIT
> **A**

## IN THE IOWA DISTRICT COURT IN AND FOR SCOTT COUNTY

| | |
|---|---|
| JOHN L. WILSON, | ) |
| | ) |
| Plaintiff, | ) No.  LACE132925 |
| | ) |
| vs. | ) |
| | ) |
| WALMART, INC., | ) ORIGINAL NOTICE |
| | ) |
| Defendant. | ) |

**TO THE ABOVE NAMED DEFENDANT:  Walmart, Inc. c/o Registered Agent, CT Corporation, 400 E. Court Avenue, Des Moines, IA 50309**

You are hereby notified that there is now on file in the office of the clerk of the above court, a Petition in the above-entitled action, a copy of which petition is attached hereto.  The plaintiff's attorney is John F. Doak, Katz Nowinski P.C., whose address is 1000 - 36th Avenue, Moline, IL 61266-0950, telephone:  309-797-3000, fax:  309-797-2167, E-mail: jdoak@katzlawfirm.com

You are further notified that unless, within twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, a motion or answer in the Iowa District Court for Scott County, at the county courthouse in Davenport, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

(SEAL)

_____
CLERK OF THE COURT
Scott County Courthouse
Davenport, Iowa

If you require the assistance of auxiliary aids
or services to participate in court because of a
disability, immediately call your district ADA
coordinator at 328-4145.  (If you are hearing
impaired, call Relay Iowa TTY at 1-800-735-2942.)

# STATE OF IOWA JUDICIARY

*Case No.* **LACE132925**

*County* **Scott**

*Case Title* **WILSON, JOHN  VS WALMART, INC.**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(563) 328-4145**   .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued*  **06/04/2020 09:51:29 AM**



*District Clerk of* Scott                    *County*

**/s/ Bonnet Jones**

## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | |
|---|---|
| JOHN L. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: LACE132925· |
| v. ) | |
| ) | **PETITION AT LAW** |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

## DIVISION I –DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.*

Plaintiff, John L. Wilson, by and through his attorneys, Katz Nowinski, P.C., for his Petition at Law against the Defendant, WALMART INC., states:

1. John L. Wilson (hereinafter "Wilson" or "plaintiff") is and was at all times material hereto a resident of Rock Island, Rock Island County, Illinois.

2. Defendant Walmart Inc., (hereinafter referred to as "Walmart" or "defendant") is a Delaware corporation, with its principal place of business in Bentonville, Arkansas.

3. At all times relevant to this cause of action, defendant operated a store and plaintiff worked at the Walmart on West Kimberly Road in Davenport , Scott County, Iowa, and all relevant incidents from which this cause of action arose occurred in Scott County, Iowa; therefore, venue is proper.

4. Plaintiff timely filed his charge of discrimination with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC") on or about September 11, 2019, and has been issued his Right to Sue Letter by the Iowa Civil Rights Commission, and has otherwise exhausted all administrative remedies. (Exhibit 1, a true and correct copy of the Notice of Right to Sue Letter from the Iowa Civil Rights Commission dated March 9, 2020, is attached hereto and made a part of this Complaint.)

5. Plaintiff was hired by Walmart as a maintenance/janitorial worker, and had worked at Walmart's West Kimberly Road, Davenport, Iowa location beginning in August, 2012.

6. Walmart was well aware that Wilson had disabilities; specifically, on August, 8, 2017, Wilson suffered an on-the-job injury when a metal drain cover fell off a shelf and crushed his foot, resulting in a permanent disability affecting his ability to stand for long periods of time and putting substantial limits on his walking ability.

7. In addition, Wilson wears a walking boot due to his injuries.

8. After the 2017 injury, Mr. Wilson was transferred to a greeter position.

9. In approximately February, 2019, Walmart made a corporate-wide decision to eliminate its greeter or front-door greeter position, and replace that position with a "Customer Host" position.

10. The customer host position was essentially the same as the "greeter" position with claimed "expanded responsibilities," including taking care of security or assisting shoppers.

11. To qualify for these new "Customer Host" positions, workers had to be able to lift 25 pounds, clean up spills, collect carts and stand for long periods of time.

12. Walmart's decision to eliminate the greeter position and replace it with the "Customer Host" position was a corporate decision specifically designed and intended to get people with disabilities out of the greeter positions.

13. Walmart advised Wilson in approximately February, 2019 that he would be terminated due to the physical requirements of the reclassified job as an "AP Customer Host."

14. On April 11, 2019, Wilson, by his counsel, wrote Walmart to report that Wilson was fully capable of performing all of the essential job functions of the physical requirements of the "AP Customer Host" position with the exception of standing at the entrance without a lectern,

E-FILED   2020 JUN 04 9:45 AM SCOTT - CLERK OF DISTRICT COURT

stool or chair, and that Wilson's permanent foot injury limited the standing and walking activities to 20 minutes per hour.

15. In this letter, Wilson further informed Walmart that with a reasonable accommodation of having a chair at the entrance, he could perform all of the job functions of the position.

16. In addition, in the April 11, 2019 letter, Wilson made "an official request pursuant to the interactive process of the Americans with Disabilities Act for an accommodation of Mr. Wilson due to that permanent disability."

17. Walmart thereafter changed course and informed Wilson that he was not being terminated, but would be transferred to a different position, specifically a self-checkout position.

18. However, unbeknownst to Walmart corporate, the West Kimberly location actually placed Wilson in the new Customer Host position, which Wilson successfully filled (with the accommodation of being allowed a chair) for approximately 2 months.

19. Walmart corporate became aware of this on or shortly before July 6, 2019.

20. On or about July 6, 2019, Walmart instructed Wilson's supervisors that he could no longer work in his greeter role or as a Customer Host position because of his physical issues.

21. Despite all of Wilson's supervisor's statements that he could and had been performing the Customer Host job quite well, corporate Walmart refused to allow that accommodation and moved him to a self-checkout position.

22. This self-checkout accommodation was inadequate and insufficient.

23. Wilson also had his hours and pay reduced.

24. Further, Walmart placed Wilson in a position where there was foot traffic, cart traffic and space concerns to the extent that other employees and staff members were concerned (and

E-FILED  2020 JUN 04 9:45 AM SCOTT - CLERK OF DISTRICT COURT

expressed these concerns to management) that Wilson was going to get hurt by having

individuals run into him, trip into him, run their carts into his foot and other such problems.

25. In addition, Walmart gave Wilson minimal training in that position, all while there

was no reason that Wilson should not have been in the Customer Host position, the position that

he successfully performed for several months.

26. Walmart's failure to accommodate and discriminatory transfer and reduction of

hours and pay violate Iowa Code § 216.6.

27. The reason for Wilson's transfer and reduction in pay was discrimination based on

his disability or perceived disability.

28. Defendant discriminated against plaintiff on the basis of his disability or disabilities

in violation of Iowa Code § 216.6 in one or more of the foregoing acts.

29. As a direct and proximate result of defendant's acts of discrimination on the basis of

disability, plaintiff has suffered damages, including loss of pay and benefits, severe mental and

emotional distress, and is further entitled to recover his costs, including reasonable attorneys'

fees and expert witness fees, pursuant to Iowa Code § 216.15.

30. Defendant Walmart's actions were intentional, wilful and wanton or made with such

a reckless disregard for the rights of plaintiff, and directed at plaintiff such that plaintiff is

entitled to and seeks an award of punitive or exemplary damages in an amount just and

reasonable.

WHEREFORE, Plaintiff John L. Wilson hereby requests this court enter judgment in his

favor and against Defendant Walmart Inc., in a just and reasonable amount for compensatory and

liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys'

fees and expert witness fees, punitive or exemplary damages and grant such other and further equitable relief as the court deems necessary and appropriate.

### PLAINTIFF DEMANDS A JURY TRIAL

JOHN L. WILSON, Plaintiff

By: _/s/ John F. Doak_____
John F. Doak No. 0002143

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  jdoak@katzlawfirm.com

s:\JFD\Wilson\Complaint

## Administrative Release
### (Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| | ) | |
| JOHN WILSON | ) | Iowa Civil Rights Commission |
| 702 5TH ST. | ) | Grimes State Office Building |
| ROCK ISLAND, IL 61201 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |

| Complaint CP# 09-19-74040          EEOC# 26A-2019-00837C |
|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 3/9/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    JOHN F. DOAK, Complainant's Attorney
    HEATHER LAMMARDO, Respondent's Attorney
    WALMART INC.



EXHIBIT
1