# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | |
|---|---|
| JOHN L. WILSON, | |
| Plaintiff, | CASE NO. 3:20-cv-00058-JEG-CFB |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES** |
| WALMART INC., | |
| Defendant. | |

Defendant, Walmart Inc., answers Plaintiff's Complaint paragraph by paragraph as follows below:

**DIVISION I – DISABILITY DISCRIMINATION UNDER THE IOWA HUMAN RIGHTS ACT, IOWA CODE, CHAPTER 216.1, *ET SEQ.***

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1, and therefore denies them.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant admits that it operated a store at which Plaintiff worked on West Kimberly Road in Davenport, Scott County, Iowa, but denies the remaining allegations in Paragraph 3.

4. Defendant admits that Plaintiff filed a charge with the Iowa Civil Rights Commission ("ICRC") on or about September 11, 2019 and that the ICRC issued a March 9, 2020 Right-to-Sue letter, attached as Exhibit 1 to Plaintiff's Petition. Defendant denies the remaining allegations set forth in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5, but states he was last employed as a Self Checkout Host.

6. Defendant admits that Plaintiff alleged that he incurred a workers' compensation injury on or about August 8, 2017 when an object fell and hit his toe and that his physicians provided work restrictions at times, but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 6, and therefore denies them.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7, and therefore denies them.

8. Defendant admits the allegations contained in Paragraph 8, but further states that Plaintiff began the Greeter position in late December 2017.

9. Defendant admits that a corporate-wide decision to eliminate the Greeter position and create a Customer Host position was announced in or around February of 2019 but denies the remaining allegations and characterizations contained in Paragraph 9.

10. Defendant denies Plaintiff's characterization of the Customer Host position, but admits that the Customer Host position had additional essential functions that were not required in the Greeter position.

11. Defendant admits that the Customer Host position included the essential functions and physical activities of lifting up to 25 pounds without assistance, placing carts in a storage area, and standing for long periods of time, in addition to several other essential functions and physical activities, but denies the remaining allegations in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant admits that Plaintiff's counsel wrote to Walmart as stated in this Paragraph but denies the allegations asserted by his counsel in the letter.

15. Defendant admits that Plaintiff's counsel wrote to Walmart as stated in this Paragraph but denies the allegations asserted by his counsel in the letter.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant admits that Plaintiff was informed he was not being terminated but Defendant denies the remaining allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24, and therefore denies them.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies that Plaintiff is entitled to any award for alleged damages contained in the "Wherefore" clause following Paragraph 30.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Petition with prejudice at Plaintiff's cost and award Defendant its costs and attorneys' fees incurred in defending this matter.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any elements that already legally belong to Plaintiff, Defendant asserts the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has suffered no damages and/or has failed to properly mitigate his damages, if any.

3. Plaintiff's claims are barred by the doctrine of after-acquired evidence.

4. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, acquiescence, consent and/or unclean hands.

5. If Plaintiff establishes by a preponderance of the evidence that Defendant's actions towards Plaintiff were based on an unlawful motive, Defendant would have taken the same action despite any such unlawful motive.

6. Plaintiff's claims are barred by the statute of limitations and/or his failure to exhaust administrative remedies.

7. Plaintiff's claims are barred because any harm or damages he sustained were caused by his own actions and decisions.

8. Defendant has made good faith efforts to prevent discrimination in its workplace and cannot be liable for decisions of its agents, if any, or for punitive damages or liquidated damages, to the extent the challenged employment decision was contrary to its good faith efforts to comply with anti-discrimination statutes.

9. Plaintiff's claims may be barred, in whole or in part, by the doctrine of workers compensation exclusivity under the Iowa Workers Compensation Act.

Dated this 27th day of July 2020.

WALMART INC., Defendant,

By: /s/ Heidi A. Guttau
Heidi A. Guttau (IA# 15513)
ICIS #AT0003021
of BAIRD HOLM LLP
1700 Farnam St, Ste 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
Facsimile:  402-344-0588
hguttau@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John F. Doak, Esq.

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

/s/ Heidi A. Guttau

DOCS/2502915.1